WAPPOO MILLS *v.* COMMERCIAL GUANO COMPANY.

1. The purchaser of goods cannot recover of the seller damages for non-delivery measured by his profits on a particular contract of resale and by his losses on account of inability to perform that contract, unless the seller at the time of making the contract of sale had notice of such contract of resale. In the present case there was no evidence of notice. It was therefore error to charge the jury thus: "You have the right to include what it may have been compelled to pay out, or what it may have lost in the way of profit, if it be shown to you in figures what such payment or loss is."

2. In a motion for a new trial a complaint of the charge of the court,

in these terms: " The court erred in its charge as to the next follow-ing clauses as to the telegrams which passed in regard to shipment of the thirty tons—same being a question for the jury—the illus-trations tending to confuse the jury on the point, and should not have been given in charge, said telegrams, along with all testi-mony on said point, being exclusively for the jury, under the issue," does not state what the charge was, and consequently is not for adjudication by the Supreme Court.

March 27, 1893.  Argued at the last term.

Before Judge HARDEN.   City court of Savannah. November term, 1891.

Wappoo Mills sued the Commercial Guano Company on an account for 30 tons of acid phosphate at $10.25 per ton, shipped to Troy Fertilizer Company, Troy, Alabama, February 18, 1890. The defendant pleaded not indebted and set-off, and a verdict in its favor was rendered on the latter plea. The plaintiff's motion for a new trial was overruled, and it excepted. The grounds of the motion will appear from the opinion. The plea of set-off alleges the following: At the time of bringing suit plaintiff was, and still is, indebted to defendant $339.72 besides interest. On January 24, 1890, plaintiff sold defendant 300 tons of acid phosphate at $10.75 per ton for immediate shipment. Said 300 tons were pur-chased by defendant to fill a contract it had entered into with Troy Fertilizer Company of Troy, Alabama. Plaintiff did not perform its contract to deliver the phos-phate by immediate shipment, though repeatedly urged to ship the same. About a month after the contract was made, plaintiff shipped 30 tons, but altogether failed to deliver the remaining 270 tons, by reason of which failure defendant could not fulfill its contract with the Troy Fertilizer Company, and was compelled to pay 50 cents per ton on 270 tons to be released from that con-tract, making $135. By its contract with the Troy com-pany defendant had a profit of 75 cents per ton which it wholly lost, amounting in aggregate $202.50 on the 270

tons. It also expended $2.22 in telegrams relating to the contract with plaintiff; the difference between the aggregate of these items of damage and the amount sued for by plaintiff being $32.22, for which defendant prays judgment.

GARRARD & MELDRIM, for plaintiff.

CHARLTON, MACKALL & ANDERSON, for defendant.

BLECKLEY, Chief Justice.

1. We feel constrained to reverse the judgment for error in that part of the charge of the court to the jury which instructed thus: "You have the right to include what it may have been compelled to pay out, or what it may have lost in the way of profit, if it be shown to you in figures what such payment or loss is." The pronoun "it" as first used and then repeated in this quotation refers to the Commercial Guano Company, the defendant in the court below, and the profit mentioned as recoverable has reference not merely to any difference between the contract price and a higher one which the commodity would have brought in market, when the breach occurred, but to the profit the company would have realized on a particular contract of resale which it had made, and which the breach sued for prevented it from fulfilling. And the phrase "what it may have been compelled to pay out" has reference to the amount which the company was required to pay and did pay to its own vendee in the contract of resale, by reason of its inability to perform that contract, in consequence of non-performance by the Wappoo Mills of its contract with the company. There was no evidence showing, or tending to show, that the Wappoo Mills had, at the time of making its contract with the company, any notice of any particular contract of resale which the company had made or would make. Nothing appears which would justify the assumption that the profits or

losses resulting, or which might result, from any particular resale, were in the contemplation of the parties, so as to make these the measure of damages rather than that measure which the law prescribes in ordinary cases where a contract for the sale and delivery of goods is made and broken. Commercial fertilizers have long been a commodity of general commerce, and there would seem to be no reason why damages for the breach of a contract of sale of which they are subject-matter, should not be measured with reference to market price at the time and place appointed for delivery, instead of the price which a particular purchaser from the first purchaser might agree to pay. The general rule is that one who, by his contract, is entitled to have goods, not yet paid for, delivered to him at a particular time and place, is compensated for his disappointment when he is allowed the difference between the price at which he purchased and the market price of the article in the market of delivery. This rule excludes any reference to a particular sale, except in so far as it may be evidence of the market price; and it wholly excludes any addition to the damages by reason of payments, voluntary or involuntary, made on contracts of resale, as the result of a breach thereof occasioned by an antecedent breach of the original contract of sale.

2. Instructions so vaguely and inadequately stated as those referred to in the second head-note, cannot be reviewed. Complaint of them in a motion for a new trial, without setting them out more fully and distinctly, presents nothing for adjudication by the Supreme Court.

*Judgment reversed.*