10379.  GEORGE W. MULLER BANK FIXTURE COMPANY
*v.* LEWIS THOMPSON & COMPANY, INCORPORATED.

Under the particular facts of this case it was error for the judge to charge: "If the defendant did not put the plaintiff on notice that this material was to be used for any specific purpose, then what I have charged you

with regard to going into the open market and buying other material would not apply to this case or to this condition."

DECIDED JANUARY 7, 1920.

Complaint; from Fulton superior court—Judge Bell. January 18, 1919.

The action was upon an open account for lumber, veneers, etc. The defendant company contended that it was entitled to certain deductions from the amount of the account, because of failure of the plaintiff to ship certain flitches bought to be used in a special job. The trial resulted in a verdict for the plaintiff, in which no such deduction was made. In the defendant's motion for a new trial exception was taken to the instruction to the jury quoted in the decision.

*Brewster, Howell & Heyman, Mark Bolding,* for plaintiff in error.

*Anderson & Slate,* contra.

LUKE, J. 1. Where a purchaser of goods makes known to the vendor at the time of the purchase that he has resold the goods, and the sale is completed with full knowledge of this fact, failure of the vendor to comply with his contract would entitle the purchase to recover the difference between the contract price and the price at which the goods were resold. *Wappoo Mills* v. *Commercial Guano Co.,* 91 *Ga.* 396 (1) (18 S. E. 308); *Twin City Lumber Co.* v. *Daniels,* 22 *Gd. App.* 578 (2, 3), 581, 584 (96 S. E. 437), and cit. But this rule is not applicable to the case sub judice, for while the answer alleges and the evidence for the defendant shows that the goods purchased were to be used for a special job for which defendant had a contract, the particular goods were not to be resold, but were only to go into and be used as material in completing the contract. The 7th paragraph of the answer of the defendant is as follows: "Defendant further shows that, as stated above, the flitches referred to in the preceding paragraph were bought and the plaintiff contracted to sell them for a special job for the First National Bank of Gastonia, N. C. After plaintiff failed to ship the flitches bought by it for said special job, and failed and refused to ship the same, defendant was thereupon compelled to go into the market and to buy other flitches in lieu of the flitches which the plaintiff had contracted to sell and to ship for said special job. Defendant did not buy said flitches in the market of the kind and quality contracted by plaintiff to sell and

which plaintiff failed and refused to sell and ship according to the contract, and defendant was compelled to pay for said flitches in the market at said time the sum of $671.28. Defendant, therefore, is entitled to recover from the plaintiff the sum of $419.55, which is the difference between what defendant was forced to pay for said flitches and the price at which it bought them from the plaintiff, to wit, $251.73."

The rule applicable to this case is laid down in the case of *Hardwood Lumber Co.* v. *Adam*, 134 *Ga.* 821 (1) (68 S. E. 725, 32 L. R. A. (N. S.) 192), as follows: "The general rule is that in a suit for breach of contract for failure to deliver goods of a certain quality sold at a specific price, the measure of damages is the difference between the contract price and the market price at the time and place of delivery." See also *Twin City Lumber Co.* v. *Daniels,* supra. This general rule being applicable to the case now under consideration, and the evidence for the plaintiff showing that the defendant did not put him on notice that the materials were purchased to be used for the specific purpose, it was error requiring the grant of a new trial for the judge to charge as follows: "If the defendant did not put the plaintiff on notice that this material was to be used for any specific purpose, then what I have charged you with regard to going into the open market and buying other material would not apply to this case or to this condition."

2. There is no substantial merit in the other assignments of error. The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*