10883.    Truitt *v.* Rust & Shelburne Sales Co.

Jenkins, P. J. 1. In a purchaser's suit for damages because of the failure of the seller to deliver the goods in accordance with the terms of the contract of sale, generally the measure of damages is the difference between the contract price and the market price at the time and place of delivery. *Sizer* v. *Melton,* 129 *Ga.* 143 (7) (58 S. E. 1055); *Harwood Lumber Co.* v. *Adam,* 134 *Ga.* 821 (1) (68 S. E. 725); Civil Code (1910), § 4131. "The purchaser of goods cannot recover of the seller damages for non-delivery measured by his profits on a particular contract of resale and by his losses on account of inability to perform that contract, unless the seller at the time of making the contract of sale had notice of such contract of resale." *Wappoo Mills* v. *Guano Co.,* 91 *Ga.* 396 (18 S. E. 108; *Hardwood Lumber Co.* v. *Adam,* 134 *Ga.* 821, 825 (68 S. E. 725, 32 L. R. A. (N. S.) 192).

2. Where the petition cannot be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer. *Sparks Milling Co.* v. *Western Union Tel. Co.,* 9 *Ga. App.* 728 (72 S. E. 179); *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (69 S. E. 480).

*Judgment affirmed. Stephens and Smith, JJ., concur.*
Decided March 11, 1920.

Attachment; from city court of LaGrange — Judge Moon. March 11, 1920.

*M. U. Mooly,* for plaintiff.

*Hatton Lovejoy, Little, Powell, Smith & Goldstein,* for defendant.