### 11732. HAGAN GROCERY COMPANY v. NOBLES.

LUKE. J.   1. Where the purchaser of goods seeks to recover of the seller damages for non-delivery, measured by the difference between the contract price and the price on a resale, he should both allege and prove that at the time of making the contract of the sale the seller had notice of such contract of resale. See *Truitt* v. *Rust & Shelburne Sales Co.*, 25 *Ga. App.* 62 (102 S. E. 645).

2. Where the buyer in such a case fails to allege in his petition that the seller knew of the contract of resale, and no demurrer or motion to dismiss is interposed, the plaintiff has the right to prove his case as laid, but it is not error to repel all evidence tending to show such knowledge by the seller at the time of the sale. See *Kelly* v. *Strouse*, 116 *Ga.* 872 (4) (43 S.-E. 280).

3. In the absence of an appropriate allegation in the petition the court did not err in rejecting evidence as to expenses incurred by the buyer in purchasing other oranges to fulfill his contract of resale.

4. The petition contained no allegation that would warrant proof of the " usual custom of trade of the wholesaler purchasing oranges in carload lots to sell them in advance to the retail trade."

5. There was no merit in any of the other exceptions as to the introduction of evidence.

6. The plaintiff having failed to prove any ascertainable damages, his petition was not proved as laid, and it was not error to grant a nonsuit. *Kelly* v. *Strouse*, supra.

> Judgment affirmed. *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 8, 1921.

Action on contract; from city court of Bainbridge — Judge Spooner. June 23, 1920.

The petition of Hagan Grocery Company against Nobles alleged: On or about October 10, 1918, petitioner purchased from W. H. Nobles one car of Indian River oranges, consisting of 400 crates, to be shipped to petitioner on December 10, 1918, at Donalsonville, Ga., for which it was agreed that petitioner was to pay the defendant on delivery $3.85 per crate, or a total of $1,540.00, said fruit to be in prime condition and of good merchantable quality. Said contract of. sale was duly confirmed about October 10, 1918, and petitioner, after purchasing said oranges, sold them to its trade before they arrived at Donalsonville, assuming that the defendant would perform his contract. The defendant did, on December 10, 1918, ship to petitioner a car of oranges, consisting of 400 crates, which arrived at Donalsonville about December 13, 1918, in a badly damaged condition, about 50 per cent. of them being rotten and damaged, and having been damaged several days

before being shipped to petitioner. The oranges shipped to petitioner were practically worthless, and about 50 per cent. of them were unsalable, and petitioner declined to accept them and requested the defendant to ship another car in order to complete his contract with petitioner; which the defendant declined and refused to do. By reason of the failure of the defendant to perform his contract, petitioner was compelled to go into the market and buy other oranges at much higher price in order to fill its contract with its customers, and it suffered a loss by reason of so doing, in the amount herein sued for.

The case came to the Court of Appeals on exceptions to a nonsuit and to the exclusion of certain testimony of A. G. Hagan, president and general manager of the plaintiff company. This testimony was as follows:

(a) Upon objection of the defendant, on the ground that "there is nothing in the contract which would indicate that the shipper was put on notice that the oranges had been sold by Hagan," the court excluded testimony of Hagan that when he declined to accept the damaged car of oranges he asked the defendant if the defendant could not ship another car of oranges to him, and told the defendant that he had to have the oranges, that he had already sold the car of oranges to the trade, before the car was delivered, " and Mr. Nobles knew at the time that the oranges had already been sold;" that Nobles said he was sorry, but he had shipped all he was going to ship.

(b) Upon the ground stated above the court excluded testimony of Hagan as follows: " Mr. Nobles knew at the time I made the contract for the car of oranges that I would sell them to the trade before the same were delivered."

(c) The court excluded testimony that the witness was "familiar with the custom in buying and selling oranges, and it is a universal custom of trade for the wholesaler or jobber who purchases oranges by the carload lot to sell the same in advance to the retail trade before the oranges are shipped." The ground of objection to this testimony is not stated.

(d) The court excluded testimony of Hagan that he "tried to get Indian River oranges from several brokers" after the defendant refused to ship another car to him; that he was unable to get them nearer than Jacksonville, Florida, or at any other place at

all than Jacksonville; and that they were worth at that time $5 per crate at Jacksonville. This testimony was excluded on the ground that "the price would be at the place of delivery, and not at some other point;" that "the plaintiff was restricted to proving the market price on the date of the breach of the contract and when oranges were purchased in lieu of those which the seller had declined to furnish, at the time and place of sale."

(*e*) Additional testimony to the same effect as that set out in the preceding paragraph was excluded. It is alleged that this testimony was relevant because it showed that the plaintiff was compelled to pay more than the contract price, and consequently suffered damage in the sum of $1.15 per crate.

(*f*) Testimony of Hagan, that before he went into the market and bought other oranges, he sold at $5.50 per crate the carload of oranges purchased from the defendant, was excluded on objection of the defendant on the ground that there was no pleading on which to base such testimony, and that it was not shown that these oranges were sold at the time the contract was made with the defendant, or that at the time it was made he was put on notice of the sale.

(*g*) Upon the ground that there was no pleading to justify the testimony, the court excluded testimony of Hagan that the contract price he was to pay the defendant for the oranges was $3.85 per crate, that he was afterwards compelled to pay $5 per crate for "these same oranges in Jacksonville, Florida, and that on account of having to repurchase the oranges after the defendant had failed to deliver them his company lost $1.15 per crate.

(*h*) The court excluded testimony that "there was no market price for Indian River oranges in Donalsonville, Ga., during the month of December, 1918, for the reason that there were none to be had at that point and they could not be bought in Donalsonville."

*John R. Wilson*, for plaintiff.

*J. C. Hale, W. V. Custer*, for defendant.