### 12942.  SOUTHERN LUMBER COMPANY v. KENNON LUMBER COMPANY.

BELL, J.  1. Two of the special grounds of the motion for a new trial complain that the trial judge erred in charging the jury in regard to the measure of damages, on the ground that the seller could not be liable for any shortage in quantity or difference in grade if the delivery to the carrier was in accordance with the sale. The instructions as given were not erroneous for the reason assigned, since the court in other portions of the charge instructed the jury sufficiently upon this point.

2. The general rule as to the measure of damages for a breach by the seller of a contract for the sale and delivery of goods is the difference between the contract price and the market value at the time and place for delivery. *Hardwood Lumber Co.* v. *Adam*, 134 Ga. 821 (1) (68 S. E. 725, 32 L. R. A. (N. S.) 192).

3. This rule, however, is not inflexible, and where the buyer makes a purchase of property for the  purpose of resale, and if the seller has knowledge of such purpose as to the particular goods in question, the measure of damages for the breach of the contract of sale by the seller would ordinarily be the difference between the price as fixed in the original sale and that of the resale. *Hardwood Lumber Co.* v. *Adam,* supra; *Truitt* v. *Rust & Shelburne Sales Co.*, 25 Ga. App. 62 (1) (102 S. E. 645); *Hagan Grocery Co.* v. *Nobles,* 26 Ga. App. 394 (1) (106 S. E. 807).

4. In a suit by the purchaser against the seller for damages alleged to have been suffered by reason of a breach of a contract of sale, the plaintiff can not recover unless, in addition to proof of the breach, he shall prove either the market value of the goods contracted for at the time and place for delivery, or that the seller had knowledge of the resale at the time of the original sale. *Hagan Grocery Co.* v. *Nobles,* supra; 24 R. C. L. 81.

5. An instruction to the seller, in a written order of purchase, for the shipment of the goods to be made to a third person at a point different from the place of business of the buyer, without more, is not sufficient to charge the seller with notice of a resale by the purchaser.

6. There having been no sufficient proof submitted of the market value of the goods contracted for at the time and place for delivery (or of knowledge on the part of the seller of the resale by the purchaser), the verdict rendered in behalf of the plaintiff was unauthorized, and for this reason only it was error to overrule the motion for a new trial.

7. The only other special grounds of the motion for a new trial than those mentioned above in the first paragraph (including exceptions that the verdict was contrary to the charge of the court) are but amplifications of the general grounds, and are disposed of in the foregoing rulings.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 30, 1922.

Complaint; from city court of Savannah.— Judge Freeman. September 24, 1921.

*George W. Owens,* for plaintiff in error.