14518. COLUMBIA SMELTING & REFINING WORKS *v.*
DEXTER & WRIGHT.

JENKINS, P. J. 1. Where a contract for the sale and purchase of goods is silent as to the time of delivery, the law implies that it shall be within a reasonable time. The words "immediate shipment" have been construed as equivalent to "rea onable promptitude" or "within a reasonable time." *Roberson* v. *Weaver*, 145 *Ga.* 326 (5), 632, 633 (89 S. E. 769); *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3), 702 (58 S. E. 200); *Ga. Agricultural Works* v. *Price*, 11 *Ga. App.* 80 (3),

84 (74 S. E. 718); *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 212 (2) (59 S. E. 713).

(*a*) In the instant case the vendor's offer to sell, of January 31, 1920, without fixing any date for shipment, as accepted by the vendee for "immediate shipment," constituted a meeting of the minds of the contracting parties, since the offer, being silent as to the time of shipment, must be construed in law as contemplating delivery within a reasonable time.

(*b*) The fact that the vendee, after the making of the contract, continually requested an immediate or prompt delivery, and that the vendors promised to make delivery, but without doing so or tendering the commodity, did not operate as a novation to extend the time of delivery from the "reasonable time" contemplated by the original contract, or modify the right of the plaintiff to recover damages under the original breach. *Hardwood Lumber Co.* v. *Adam*, 134 *Ga.* 821 (6), 826 (68 S. E. 725, 32 L. R. A. (N. S.) 192); *Ga. Creosoting Co.* v. *McIntosh Land Co.*, 23 *Ga. App.* 561 (99 S. E. 166).

2. "The general rule as to the measure of damages for a breach by the seller of a contract for the sale and delivery of goods is the difference between the contract price and the market value at the time and place for delivery." *Southern Lumber Co.* v. *Kennon Lumber Co.*, 29 *Ga. App.* 130 (2) (114 S. E. 60).

(*a*) "The purchaser of goods cannot recover of the seller damages for nondelivery measured by his profits on a particular contract of resale and by his losses on account of inability to perform that contract, unless the seller at the time of making the contract of sale had notice of such contract of resale." *Wappoo Mills* v. *Commercial Guano Co.*, 91 *Ga.* 396, 399 (18 S. E. 308); *Huggins* v. *Southeastern Lime &c. Co.*, 121 *Ga.* 311 (5), 314 (48 S. E. 933); *Twin City Lumber Co.* v. *Daniels*, 22 *Ga. App.* 578 (3), 584 (96 S. E. 437); *Southern Lumber Co.* v. *Kennon Lumber Co.*, 29 *Ga. App.* 130 (4) (114 S. E. 60); *Hagan Grocery Co.* v. *Nobles*, 26 *Ga. App.* 394, 396 (106 S. E. 807); *Truitt* v. *Rust & Shelburne Sales Co.*, 25 *Ga. App.* 62 (102 S. E. 645); *Garcia* v. *Taggart Coal Co.*, 27 *Ga. App.* 204 (2), 209 (108 S. E. 72).

3. In the instant case the record fails to disclose that the sellers had any notice at the time the contract was entered upon that the goods were intended for resale. There was no proof of the market value of the goods upon any date other than on March 15, 1920. Following the making of the contract on January 31, 1920, which was silent as to the date of delivery, the purchaser, after unsuccessfully calling for shipment and in order to protect its contracts of resale, went into the open market and purchased the commodity on March 15, 1920, at an increased price, which was shown to have been the market value on that date. The trial judge charged the jury that the contract contemplated a delivery "within a reasonable time," and, in effect, that if they should find that March 15, 1920, was the proper delivery date, the plaintiff purchaser would be entitled to recover the difference between the contract price and the market value, as shown on that date; but that, if they should find that that date was not the time of delivery, since the market value on no other date was shown, the plaintiff would be entitled to recover only nominal damages. *Held:* Since the plaintiff cannot stand upon its

right to repurchase the goods for the purpose of resale, upon which theory the plaintiff's case appears to have been founded, and since this court cannot say as a matter of law that March 15, 1920, was necessarily the proper date for delivery under the contract, the verdict, finding adversely to the plaintiff except for nominal damages, cannot be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 23, 1924.

Action for breach of contract, from Glynn superior court—Judge Highsmith. March 21, 1923.

*A. J. & A. H. Crovatt, Krauss & Strong,* for plaintiff.

*E. C. Butts,* for defendants.