## 19327. BUCHANAN *v.* HUSON.

DECIDED MAY 18, 1929.

*Hendrix & Buchanan, McDaniel, Neely & Marshall,* for plaintiff in error.

*Levi O'Steen,* contra.

BELL, J. Mrs. Josie L. Huson brought suit against William F. Buchanan, a practicing attorney, alleging: that in a written contract between them the defendant had agreed to file suit for the plaintiff against an insurance company upon a policy of insurance, that the defendant had failed to file the suit in accordance with the agreement, and that in consequence the plaintiff's claim against the insurance company was lost, to her damage in the .

sum of $6,300. The defendant demurred to the petition, upon the grounds, (1) that it set forth no cause of action, and (2) that it affirmatively appeared therefrom that the alleged cause of action was barred by the statute of limitations. The court overruled the demurrer, and the defendant excepted.

The only contention made by counsel for the plaintiff in error in this court is that the action was barred, and any question, therefore, as to whether the petition was otherwise subject to demurrer will be treated as abandoned.

The petition, filed on April 21, 1928, alleged that the plaintiff was the beneficiary in a policy of insurance written upon the life of her son, Jesse L. Huson, who died from a cause within a provision of the policy on March 4, 1920. The company refused payment of the plaintiff's claim on November 1, 1921. The contract of employment between the plaintiff and the defendant for the filing of suit upon the policy was made on November 5, 1921. The agreement was in writing but not under seal, was signed by both the parties, and provided that the attorney should prepare and file suit against the insurer "immediately." The policy contained the following stipulation: "No suit or proceeding, either at law or in equity, shall be brought to recover any benefits under this Article after six months from the date the claim for said benefits is disallowed by the Supreme Executive Committee." The petition alleged a failure to bring the suit at all, and averred that the "defendant breached his contract with petitioner." The prayer was to recover as damages the full amount of the policy with interest.

The contract between Mrs. Huson and Mr. Buchanan upon which the present suit is founded contained only a description of the claim and a recital of Mr. Buchanan's employment, together with the following provision: "It is agreed that said second party shall prepare and file suit against said order immediately, and in event said suit shall be settled before the same goes to trial, said second party shall be paid 20% of the amount for which settlement is made; no settlement to be made without the approval of said first party. In event said suit goes to trial, said second party shall prosecute the same through the courts as far as may be necessary and for his services shall receive 25% of the amount that may be collected on said certificate."

The action is not one in tort, but is clearly a suit for a breach of contract. *Perry* v. *Griffin,* 39 *Ga. App.* 170 (2) (146 S. E. 567). Since the contract was in writing and not under seal, the period of limitation was six years. Civil Code (1910), § 4361; *Hill* v. *Hackett,* 80 *Ga.* 53 (4 S. E. 856). The case of *Gould* v. *Palmer,* 96 *Ga.* 798 (22 S. E. 583), in which the suit was held barred because not brought within four years from the alleged breach of duty, is not in point; nor is *Lilly* v. *Boyd,* 72 *Ga.* 83. In neither of these cases was the suit based upon a written contract.

The principal question for decision involves a construction of the stipulation in the contract that the attorney should file suit "immediately." As shown above, the contract was dated November 5, 1921. The suit against the attorney was filed on April 21, 1928. For the cause of action to have been barred at that time it must have accrued on or before April 21, 1922, that is to say the breach by the attorney must have happened on or before that date. In that case the present suit was instituted too late and should have been dismissed. If, on the other hand, the attorney was not required to file suit against the insurance company until some date later than April 21, 1922, his breach occurred less than six years before the bringing of the present action against him, and his demurrer invoking the statute of limitations was properly overruled.

The word "immediately" may in some instances mean "instantly," or "at once," in others "promptly," and in others still it may mean "within a reasonable time." A word may have one meaning in a dictionary and an entirely different meaning in a contract, and its meaning in one contract may differ widely from that which should be ascribed to it in another contract. In the construction of every contract the main object is to arrive at the intention of the parties, and to this end the words must be examined in the light of all the attendant and surrounding circumstances. *Columbus Bagging & Tie Co.* v. *Empire Mills Co.,* 38 *Ga. App.* 793 (145 S. E. 886). One of the circumstances in this case was that, because of a stipulation in the policy, the action thereon must have been brought not later than May 1, 1922, the company having denied the claim on November 1, 1921,—six months previously. But so far as appears, the plaintiff would not have been harmed by any sort of delay which did not extend beyond the first of the

dates named, and we think it could not have been expected that the attorney should necessarily lay aside all other matters which may have engaged his attention, in order to file suit upon the policy at the earliest possible moment. 35 Cyc. 181. The more reasonable interpretation would be that suit should have been brought within a reasonable time. Civil Code (1910), § 4268 (8); *Great American Fire Association* v. *Jenkins*, 11 *Ga. App.* 784 (3) (76 S. E. 159); *Georgia Agricultural Works* v. *Price*, 11 *Ga. App.* 80 (3) (74 S. E. 718); *Columbia Smelting Works* v. *Dexter*, 31 *Ga. App.* 627 (121 S. E. 844); *Central of Georgia Ry. Co.* v. *Griner*, 33 *Ga. App.* 705 (3) (127 S. E. 878); *Southern Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216); *Woodall* v. *Fidelity & Casualty Co.*, 131 *Ga.* 517, 519 (62 S. E. 808); *Roberson* v. *Weaver*, 145 *Ga.* 626 (5) (89 S. E. 769).

What is a reasonable time is ordinarily a matter to be determined by the jury, under all the facts and circumstances. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3) (58 S. E. 200). Such question can not properly be determined by the court except where it is manifest from the undisputed facts that a given time was reasonable or unreasonable as a matter of law. *American Ry. Express Co.* v. *Roberts*, 28 *Ga. App.* 510 (111 S. E. 744). From November 5, 1921, to April 21, 1922, was five months and sixteen days. We are unable to say as a matter of law that the reasonable time within which the attorney should have filed the suit against the insurance company could not have embraced this period, extending through the last-mentioned date (*Texas Co.* v. *Davis*, 157 *Ga.* 538, 122 S. E. 62), and hence can not hold, on demurrer, that the breach of duty on the part of the attorney ocurred more than six years before the filing of the present action. The court did not err in overruling the demurrer.

In what is said above we decide the case upon the points submitted in the briefs, and make no ruling as to the effect of the allegations of paragraph 5 of the plaintiff's amendment, that the defendant from time to time informed the plaintiff that he had filed the suit, and that she had no knowledge to the contrary until long after the expiration of the time within which the suit could have been filed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*