A96A0525. PLUMLEE v. DAVIS et al.
(473 SE2d 510)

SMITH, Judge.

Bambi Plumlee appeals from the grant of summary judgment to attorneys Guy Davis, Jr. and William Gardner in this legal malprac-

tice action.

The record reveals that Plumlee signed a contract in March 1988 retaining Davis as counsel to represent her in a possible medical malpractice action. Gardner had law offices in the same building and had experience in such cases, and Davis asked him to attend the initial interview. Apparently, it was then agreed that Gardner would assume primary responsibility for Plumlee's case, which he did. Gardner moved his offices in May 1989, and he took Plumlee's file with him at her request.

Plumlee's cause of action arose out of an incident in January 1988 in which she presented at the emergency room at Physicians and Surgeons Hospital. She was examined by Dr. Severo Steves, assisted by Joseph Akin, R.N. She presented with moderate tachycardia, but a heart monitor established she was in no acute danger. Following his examination, Dr. Steves intended to release Plumlee, but Nurse Akin suggested that a dose of Benadryl be administered prior to her release; Dr. Steves agreed. Instead, Akin surreptitiously injected a dose of epinephrine, further stimulating Plumlee's heart and causing cardiac arrest. Plumlee was resuscitated, admitted to the hospital, and also hospitalized subsequently at Emory University Hospital. Fortunately, she suffered no lasting physical ill effects. The cause of the cardiac arrest was not specifically known until shortly before the expiration of the statute of limitation on Plumlee's medical malpractice cause of action, when an expert offered his opinion that epinephrine had been injected into Plumlee's arm, possibly intentionally, by Akin.

Because of the difficulty in determining the exact cause of the problem and finding an expert affidavit, Plumlee's lawsuit against the hospital, Akin, and others was filed by Gardner on Monday, January 29, 1990, which was the last possible day (the limitation period having expired on Sunday, January 28). Gardner was listed as lead attorney, and the names of Davis and another attorney also appeared on the pleadings. The hospital was served on January 31, 1990, but never filed an answer. No service was perfected on Akin or Dr. Steves. On his deposition, Gardner testified that Plumlee, a licensed practical nurse, volunteered to help locate Akin. Gardner asserted that both he and Plumlee made efforts to locate Akin, telephoning various hospitals, nursing associations, and state boards, and following leads given by friends and associates. These efforts were unsuccessful because Akin was fairly itinerant at the time, working primarily for temporary agencies. Gardner testified that he stopped his efforts about a month after the action was filed because he felt that a reasonable time had elapsed and the statute of limitation "had quite well run."

In February 1991, the default case against the hospital came up

on the trial calendar. Davis testified on his deposition that he was called by the court clerk, who was unable to locate Gardner; the clerk apparently contacted Davis because his name was also on the pleadings. Davis presented the evidence in a bench trial and on February 28, 1991, obtained a default judgment in Plumlee's favor against the hospital in the amount of $750,000. This judgment was uncollectible, however, because the hospital was insolvent and had no assets or insurance.

In August 1991, Akin was arrested in Alabama in connection with other, similar incidents, some of which resulted in patients' deaths.[1] Although his whereabouts were known, no attempt was made by either Davis or Gardner to serve Akin at that point.

On January 27, 1992, Davis filed a complaint for loss of consortium on behalf of Phillip Plumlee against Akin and Steves, but Phillip Plumlee discharged Davis as his attorney by letter dated January 23, 1993. That case was eventually settled for $12,000.

In January 1992, Davis was also served with Akin's answer and motion to dismiss based upon failure to perfect service, expiration of the statute of limitation on the claim alleged, and laches. Davis did not file a response to the motion, but in March 1992, he voluntarily dismissed Plumlee's claims against the remaining defendants, including Akin. Davis testified on his deposition that he did so because he "was not going to attempt to defend frivolously a motion to dismiss, a motion for summary judgment on a dead case." He performed no further investigation, because "when I learned nothing had been done by the time of the taking of the default judgment, which was February of '91 . . ., that no effort had been made for nearly a year to get these people served or any kind of due diligence, . . . there was no way to justify that even if [Akin] was in another state and could have been found. . . . [T]here was no evidence that it had been [served] and nothing to support serving somebody six months to a year after the statute of limitations had run. Nothing to justify the failure to do so."

Plumlee's complaint for legal malpractice was filed on March 3, 1994. In that complaint, she alleged that Davis and Gardner acted wantonly and recklessly in handling her claim against Akin and in their conduct toward her, failed to exercise due diligence in perfecting service on Akin, abandoned her case, failed to secure her permission to voluntarily dismiss or to inform her that her case had been dismissed, and in fact, fraudulently concealed from her that her case had been lost through their negligence. The trial court granted the

---

[1] Akin is currently serving a life sentence in an Alabama prison for similar actions that resulted in deaths of patients.

motions of Davis and Gardner for summary judgment, concluding that the action was barred by the statute of limitation and further concluding that the defendant attorneys had pierced Plumlee's pleadings and the affidavit submitted by Plumlee failed to create an issue of fact.

1. The trial court correctly concluded that the statute of limitation on Plumlee's cause of action against her attorneys commenced to run on January 29, 1990. The court reasoned that because Akin was never served, the doctrine of "relation back" of service could not apply. OCGA § 9-11-4 (c) provides that "[w]hen service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." It is undisputed that no service was ever attempted upon Akin. It follows that no valid suit was instituted against Akin. *Gaskins v. A. B. C. Drug Co.*, 183 Ga. App. 518, 519 (2) (359 SE2d 364) (1987). Relation back is, indeed, irrelevant. Id. at 519, n. 1. The limitation period on any cause of action Plumlee had against Davis and Gardner must therefore have commenced running at the time the statute of limitation expired on Plumlee's cause of action against Akin without a valid suit being filed against him, on January 29, 1990.

2. The trial court also concluded that Plumlee's action for legal malpractice against Davis and Gardner was barred by the applicable statute of limitation.

The court's order recites that the statute of limitation in a legal malpractice action "derives from the underlying action." Because the underlying action in this case was for personal injury and the statute of limitation in a personal injury action is two years, the trial court found as a matter of law that the statute of limitation applicable to this legal malpractice action was also two years. We do not agree.

A legal malpractice action may sound either in tort or in contract, depending on the circumstances. "It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, sounds in contract (agency)." *Hamilton v. Powell, Goldstein &c.*, 167 Ga. App. 411, 412 (1) (306 SE2d 340) (1983), aff'd 252 Ga. 149 (311 SE2d 818) (1984). Such an action, however, may also sound in tort. *Hamilton*, supra at 413-414. The circumstances on which it depends, however, are those involving the attorney-client relationship, the duty involved, and the breach thereof, not those involving the nature of the underlying action for which the attorney was consulted or retained. A cause of action against an attorney sounding in contract arises from the breach of a legal duty imposed by the contract of employment. *Long v. Wallace*, 214 Ga. App. 466, 467 (2) (448 SE2d 229) (1994). It is governed by the

four-year statute of limitation in OCGA § 9-3-25. Id. The tort cause of action for legal malpractice arises because the law imposes upon attorneys a duty to act with a certain degree of skill in performing their contractual duties to their clients. *Hamilton*, supra at 414. The statute of limitation applicable to a cause of action against an attorney sounding in tort is two years, pursuant to OCGA § 9-3-33. Id.

3. Nevertheless, we agree with the trial court that under either statute of limitation, Plumlee's action was barred. The statute of limitation on Plumlee's tort action expired on January 28, 1992; the limitation period on her contract action expired on January 28, 1994. Plumlee did not institute this action until March 3, 1994, over one month after the expiration of the contract limitation period.

We cannot agree with Plumlee that OCGA § 9-3-24, the six-year statute of limitation for simple contracts in writing, should be applied here. First, Gardner is not a signatory to the attorney employment contract between Plumlee and Davis; the statute of limitation for simple contracts in writing therefore may not be applied to the cause of action against him.

Second, we do not agree that *Buchanan v. Huson*, 39 Ga. App. 734 (148 SE 345) (1929), cited by Plumlee, is applicable here. In *Buchanan* the six-year statute of limitation for written contracts was applied in a legal malpractice action to govern a written contract of representation. That contract, however, included a provision in which the lawyer agreed to file suit "immediately." His failure to do so therefore constituted a breach of a duty created by the written contract itself. The circumstances in *Buchanan* were highly unusual, as demonstrated by the fact that Plumlee has cited no other cases applying the six-year statute of limitation to a legal malpractice case, and we have found none.

Even as to Davis, the two-page employment contract executed by Plumlee did not constitute the entire agreement between the parties. It created the attorney-client relationship and covered certain issues such as Davis's fee, payment of expenses, and his authority. It did not specify the manner in which the attorney was to carry out his duties, when suit was to be filed, or numerous other material portions of the contract between Plumlee and Davis. Instead, as in most attorney employment contracts, those matters were subject to the duty imposed upon Davis by law and implied in his contractual relationship with Plumlee. This situation is distinguished from that in *Buchanan*. It is analogous to the situation in *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752 (269 SE2d 871), aff'd 246 Ga. 804 (273 SE2d 16) (1980), where this Court held that the attorney employment contract was not wholly written. " 'When a contract is not wholly in writing, but is partly in writing and partly in parol, the entire contract is considered as one in parol.' [Cit.]" *Jankowski*, supra

at 754-755 (2). We held in *Jankowski* that the four-year statute of limitation applicable to oral contracts must be applied in such cases. Id. at 755 (3).

The trial court correctly found that Plumlee's action was barred by the statute of limitation, albeit for the wrong reason. Because a trial court's judgment right for any reason will be affirmed, we affirm the trial court's grant of summary judgment to Davis and Gardner. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

4. Because our holding in Division 3 affirms the grant of summary judgment to Davis and Gardner on the ground that Plumlee's action against them was barred by the applicable statute of limitation, we need not address the remainder of Plumlee's enumerations of error.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 11, 1996 —
RECONSIDERATION DENIED JUNE 25, 1996 — ▮▮▮▮▮▮▮

*David W. Hibbert, Thomas E. Maddox, Jr.*, for appellant.
*Guy E. Davis*, pro se.
*William W. Gardner*, pro se.
*Monte K. Davis*, for appellees.