**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 8, 2025**

# In the Court of Appeals of Georgia

A25A0915. PRESTIGE NISSAN, INC. et al. v. BROAD & CASSEL, LLP.

RICKMAN, Presiding Judge.

Prestige Nissan, Inc. and M. Craig Hornsby appeal the trial court's dismissal of their complaint against the law firm of Broad & Cassel, LLP. Prestige and Hornsby contend that the trial court erred in holding that their claims for breach of a written contract and breach of fiduciary duty were barred by OCGA § 9-3-25's four-year statute of limitation. For the reasons that follow, we affirm in part and vacate in part and remand the case with direction.

"A statute of limitation defense goes to the merits of the claim and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)." (Citations and punctuation omitted.) *Mark A. Schneider Revocable Trust v. Hardy*, 362 Ga. App. 149,

150 (1) (867 SE2d 153) (2021). Our review of the grant of a motion to dismiss is de novo. See id. And the well-established standard that must be met before granting a motion to dismiss provides:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citations and punctuation omitted.) *Norman v. Xytex Corp.*, 310 Ga. 127, 130-131 (2) (848 SE2d 835) (2020). In reviewing such a motion, "[w]e construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Ryles v. City of Atlanta*, 375 Ga. App. 779, 780 (917 SE2d 756) (2025).

So viewed, the complaint, as amended, alleged that Prestige and Hornsby engaged Broad & Cassel to initiate litigation against an individual and two corporate entities. The parties entered into a written agreement pursuant to which Broad & Cassel would provide legal services to Prestige and Hornsby on a contingency fee

basis. Broad & Cassel subsequently filed a lawsuit on behalf of Prestige and Hornsby. The primary attorney assigned to the case was suffering from a relapse of previously-managed mental health conditions, which were exacerbated by alcohol use, and his impairment impacted the quality of his work. He was inadequately prepared for and demonstrated lapses in coherence during hearings and at least one deposition. In addition, he failed to propound written discovery prior to the discovery deadline, failed to seek an extension of the discovery period, and failed to secure sworn statements from material witnesses, which left Prestige and Hornsby unprepared to defend the motion for summary judgment filed by the defendants in the case. The primary attorney's supervisor was aware of the mental health issues but took no steps to ensure that the case was properly handled. On October 24, 2016, summary judgment was granted to the defendants in the underlying case.

Prestige and Hornsby filed suit against Broad & Cassel on October 5, 2022. They asserted claims for breach of contract, legal malpractice, and breach of fiduciary duty. Broad & Cassel moved to dismiss the complaint for failure to state a claim, arguing that all asserted claims were barred by OCGA § 9-3-25's four-year statute of limitation. Prestige and Hornsby subsequently amended their complaint, adding

additional factual allegations but retaining the same causes of action. Broad & Cassel then moved to dismiss the amended complaint based on the expiration of the statute of limitation. Following a hearing, the trial court granted the motion to dismiss the amended complaint. This appeal followed.

1. Prestige and Hornsby contend that the trial court erred in holding that their claim for breach of a written contract was governed by OCGA § 9-3-25's four-year statute of limitation instead of OCGA § 9-3-24's six-year statute of limitation.[1]

In an opinion issued after the trial court ruled on Broad & Cassel's motion to dismiss, our Supreme Court provided fresh guidance on how to determine which statute of limitation applies to a claim for breaching a contract for legal services. OCGA § 9-3-24's six-year statute of limitation[2] applies if the breach of contract claim is "premised on an 'enforceable, written contract' between the parties and the alleged

---

[1] Prestige and Hornsby do not challenge the trial court's dismissal of Count Two of their amended complaint, labeled professional negligence/legal malpractice. As a result, we do not address whether the trial court properly applied OCGA § 9-3-25's four-year statute of limitation to Count Two's tort-based legal malpractice claim and affirm the trial court's dismissal of that count.

[2] OCGA § 9-3-24 provides in pertinent part that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable."

4

breach concerns a 'duty grown directly out of' the written instrument, meaning that the complained-of conduct fell within the scope of the legal services that the defendant agreed to perform under the written contract itself." (Citation, punctuation, and footnote omitted.) *Titshaw v. Geer*, 320 Ga. 128, 133 (3) (a) (907 SE2d 835) (2024). In addition, "because an implied promise to perform professionally pursuant to a written agreement for legal services would be written into the contract for legal services by the law," the six-year statute of limitation of OCGA § 9-3-24 also applies to a claim alleging a breach of this implied obligation, "so long as the alleged breach 'directly' relates to the legal services that the [attorney] agreed to undertake pursuant to the written contract." (Citation, punctuation, and footnote omitted.) Id. at 134 (3) (a). In comparison, OCGA § 9-3-25's four-year statute of limitation[3] applies to a breach of contract claim "when no written contract for legal services exists, a written contract for legal services is unenforceable, or the alleged breach is only 'remotely' related to the legal services that were the subject of a written agreement.

---

[3] OCGA 9-3-25 provides in pertinent part that "[a]ll actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues."

. . ." Id. In that instance, the breach of contract claim is "necessarily premised on an oral contract." Id.

Here, the trial court dismissed the breach of contract claim based on its conclusion that the document attached to the complaint as Exhibit A did not constitute a "complete written contract" to which OCGA § 9-3-24's six-year statute of limitation would apply. Relying on *Plumlee v. Davis*, 221 Ga. App. 848 (473 SE2d 510) (1996), the trial court found the document incomplete because "it did not specify the manner in which the attorney was to carry out his duties . . . or numerous other material portions of the contract between [the attorney and client]." Id. at 852 (3). Instead, "those matters were subject to the duty imposed upon [the attorney] by law and implied in his contractual relationship with [the client]." Id. As a result, the trial court concluded that OCGA § 9-3-25's four-year statute of limitation applied to the breach of contract claim and that Prestige and Hornsby had filed their complaint well after the statue of limitation had expired.

In *Titshaw*, however, after clarifying that a claim for breach of contract for legal services can be governed by either OCGA § 9-3-24 or OCGA § 9-3-25, depending on the circumstances, our Supreme Court set forth the above standard for determining

6

which statute of limitation applies, and that standard is somewhat different than the rule found in *Plumlee. Titshaw*, 320 Ga. at 134 (3) (a). In addition, the Supreme Court specifically held that OCGA § 9-3-24's six-year limitation period governs a breach of contract for professional services claim premised on a breach of a duty that arises "directly from a written contract with the defendant — including a breach of a duty that is implied from the contract as a matter of law." *Titshaw*, 320 Ga. at 140 (3) (d). Because the trial court did not have the benefit of the Supreme Court's opinion in *Titshaw* prior to issuing its ruling on the breach of contract claim and that opinion requires a somewhat different analysis, we vacate that portion of the trial court's order and remand for reconsideration of the breach of contract claim in light of *Titshaw*.

2. Prestige and Hornsby contend that the trial court erred in holding that their claim for breach of fiduciary duty was governed by OCGA § 9-3-25's four-year statute of limitation instead of OCGA § 9-3-24's six-year statute of limitation.

As recognized by the trial court, "Georgia has no specific statute of limitation for breach of fiduciary duty claims. Instead, we examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation." *Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 38 (3) (b) (766 SE2d 497) (2014).

In dismissing the breach of fiduciary duty claim, the trial court concluded that the allegations of that claim were "essentially the same acts and omissions" asserted in the "malpractice action," to which a four-year statute of limitation applied, and, therefore, the same statute of limitation applied and barred the breach of fiduciary duty claim.

Prestige and Hornsby argue that their attorney-client relationship with Broad & Cassel was governed by a written contract for representation and, as a result, the same six-year statute of limitation applicable to their breach of contract claim also applies to their claim for breach of fiduciary duty. In support of their argument, they point out that this Court has held that to the extent that breach of fiduciary claims arise out of a written agreement, a six-year statute of limitation would apply. See *Niloy & Rohan, LLC v. Sechler*, 335 Ga. App. 507, 512 (2) (782 SE2d 293) (2016); *Godwin*, 330 Ga. App. at 38 (3) (b). In light of our holding in Division 1, we vacate that portion of the trial court's order dismissing the breach of fiduciary duty claim and remand for

reconsideration of that claim following the trial court's reconsideration of the breach of contract claim.

*Judgment affirmed in part and vacated in part, and case remanded with direction.*
*Gobeil and Davis, JJ., concur.*