RYAN, Solicitor-General, *v.* COMMISSIONERS OF CHATHAM COUNTY *et al.*

No. 16194. MAY 17, 1948.

*Andrew J. Ryan Jr.*, Solicitor-General, *Thomas H. Gignilliat, Henry B. Brennan, Malberry Smith Jr., Emanuel Javetz,* and *Sylvan Garfunkel,* for plaintiff.

*Edwin N. Maner Jr.,* and *John W. Sognier,* as amici curiæ.

*John J. Bouhan,* for defendant.

HEAD, Justice. ■ The answer to the first question is that Act No. 286 (H. B. No. 457), entitled, "An Act to provide an additional Judge to preside regularly in the Superior Court of the Eastern Judicial Circuit of Georgia" (Ga. L. 1947, pp. 1104-1108), is directly interlocked and interwoven with Act No. 285 (H. B. No. 456), entitled, "An Act to repeal all of the several laws relating to the City Court of Savannah and to abolish said Court." (Ga. L. 1947, pp. 1101-1103.) The additional judgeship sought to be created in the Superior Court of the Eastern Judicial Circuit of Georgia was dependent upon the abolishment of the City Court of Savannah as provided for in Act No. 285 (H. B. No. 456). If the qualified voters failed to abolish the City Court of Savannah, then it is self-evident from a careful reading of the two acts under consideration that the legislature did not intend to create an additional Superior Court judgeship for the Eastern Judicial Circuit of Georgia.

It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a

part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto. It is simply the duty of this court in interpreting the statutes now under consideration to look diligently for the intention of the legislature, keeping in view at all times the old law, the evil, and the remedy. Code, § 102-102 (9). While we recognize the rule that statutes in pari materia may not be resorted to where the language of the statute under consideration is clear, it is equally as well settled that, where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part.

Applying the above principle of law to the statutes now under consideration, we find that section 6 of the act creating an additional judgeship in the Superior Court of the Eastern Judicial Circuit, Act No. 286 (H. B. No. 457), provides: "Honorable Alexander R. MacDonell having been re-elected Judge of the City Court of Savannah by the people of Chatham County for a term beginning January 1, 1947, and ending December 31, 1950, *and this Act being a companion Act to one abolishing the City Court of Savannah,* the said Alexander R. MacDonell is hereby named as a Judge of the Superior Court for the Eastern Judicial Circuit of Georgia, in the additional Judgeship created by this act." (Italics ours.) .

The language used by the legislature, "and this Act being a companion Act to one abolishing the City Court of Savannah," certainly relates this act to the one which proposes to abolish the office of Judge of the City Court of Savannah. The use of the words, "this Act being a companion Act," leaves some doubt as to the significance and effect to be given Act No. 286 in the creation of the additional judgeship for the Superior Court of the Eastern Judicial Circuit. Since the significance of the above language is not clear and we can not be sure of the legislative purpose in calling this a companion act to the one abolishing the

office of Judge of the City Court of Savannah, it becomes necessary and proper to consider the latter act in order to determine this issue.

Section 7 of the referendum act, entitled, "City Court of Savannah Abolished" (Act No. 285, H. B. No. 456, Ga. L. 1947, p. 1102), provides: "Be it further enacted by the authority aforesaid that while the validity of this Act shall not be in any way dependent upon any other Act, the provisions of this Act shall be *interpreted and construed in conjunction with two other Acts of the General Assembly of 1947;* one, relating to transfer of criminal jurisdiction of the City Court of Savannah to the Municipal Court of Savannah in any offense under the laws of this State involving a punishment not greater than that provided for misdemeanors, *and the other creating a second Judge to preside in the Superior Court of the Eastern Judicial Circuit of Georgia."* (Italics ours.)

This section clearly shows the legislative intent to have the two acts in question interpreted and construed in conjunction with each other. This means that the act which seeks to create an additional judge for the Superior Court of the Eastern Judicial Circuit must be interpreted in connection with this act which grants authority to the voters of Chatham County to abolish the existing city court. Section 8 of the city-court act provides in part as follows: "Should a majority of the qualified voters at said election vote against this Act, this Act shall become null and void and of no force and effect." If this act should become null and void, and the act which seeks to create an additional superior-court judgeship is required to be construed and interpreted in conjunction therewith, then it must follow that the latter act, which is designated as a companion act, must likewise be held null and void and without legal effect.

In addition to the above, there is another compelling indication that the legislature never intended to create an additional superior-court judgeship if the existing city court was not abolished, and that will be evinced by a reading of sections 6 and 7 of the Superior Court Judgeship Act (Ga. L. 1947, pp. 1106-1107). Here it is provided that the Judge of the City Court of Savan-

nah, the Special Deputy Sheriff of the City Court, and the Deputy Clerk of the City Court are to be tendered corresponding positions in the newly created office of the additional superior-court judgeship. The legislature apparently considered that, since the judge of the city court and the other officers had a tenure of office in that court until December 31, 1950, upon the abolishment of that court it would be proper for these persons to be transferred to the newly created offices of the additional superior-court judgeship. While the Constitution of Georgia provides for the filling of vacancies in the superior court, the legislature in this instance did not indicate how the offices of deputy sheriff and deputy clerk for the newly created judgeship were to be filled in the event that the persons designated in this act refused to accept such positions. It would have been an easy matter for the legislature to have provided the method of filling these posts had it intended to create the new office of judgeship regardless of whether or not the existing City Court of Savannah was abolished.

■ The answer to the second question is that all of the provisions of Act No. 286 (Ga. L. 1947, pp. 1104-1108) should not become effective if the City Court of Savannah was not abolished under the referendum in Act No. 285 (Ga. L. 1947, pp. 1101-1103). These acts together sought to accomplish a reorganization of the judicial system of Chatham County in so far as this could be done by legislative enactment. Since the act creating the additional judgeship of the superior court was a companion act to the statute permitting the City Court of Savannah to be abolished by referendum, the two acts being dependent and interrelated to each other, it must necessarily follow that, when the City Court of Savannah was not abolished under the referendum contained in Act No. 285 (Ga. L. 1947, pp. 1101-1103), all of the provisions contained in Act No. 286 (Ga. L. 1947, pp. 1104-1108) likewise became null and void.

*All the Justices concur.*