43128. BUCKHEAD DOCTORS' BUILDING, INC. v.
OXFORD FINANCE COMPANIES, INC.

ARGUED OCTOBER 3, 1967—DECIDED OCTOBER 11, 1967.

*Moreton Rolleston, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, Bennett L. Kight, D. R. Cumming, Jr., W. Laurens Walker,* for appellee.

FELTON, Chief Judge. 1. The judgment appealed from (the sustaining of a plea to the jurisdiction) having been entered June 28, 1967, and the notice of appeal having been given more than 30 days after its entry (August 4, 1967), the judgment is not reviewable and the appeal must be dismissed. Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496 (*Code Ann.* § 6-803); Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 241; Ga. L. 1966, pp. 493, 500 (*Code Ann.* § 6-809 (b, 1); *Williams v. State,* 112 Ga. App. 566 (145 SE2d 765); *Rhett v. State,* 112 Ga. App. 567 (145 SE2d 823).

2. Notwithstanding the provisions of *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21), this court is prohibited from granting an extension of time for the filing of the notice of appeal by Rule 12 of the court, to wit: "In the light of Rule 7 of the Rules of the Supreme Court of Georgia, this court will not grant extensions of time for filing a notice of appeal or notice of cross appeal or any other item included in Section 6 of the Appellate Practice Act." Compare *Brown v. State,* 223 Ga. 540 (2) (156 SE2d 454).

3. Appellant contends that this court is empowered to grant an extension of time for the filing of its notice of appeal by *Code Ann.* § 81A-106 (b) (Ga. L. 1966, pp. 609, 617; Ga. L. 1967, pp. 226, 229, 230), which provides as follows: "When *by this Title* or *by a notice given thereunder* or *by order of court* an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel filed in the action, may extend the period, or the court for cause shown may at any time

in its discretion (1) with or without motion or notice order the period extended if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect:* Provided, however, no extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict." (Emphasis supplied.) The foregoing provision does not have the contended effect for the following reasons:

(a)   The scope of the Civil Practice Act (*Code Ann. Title* 81A; Ga. L. 1966, p. 609) is procedure in the *trial* courts of record, and the rules do not deal with the powers of appellate courts (*Code Ann.* § 81A-101; Ga. L. 1966, pp. 609, 610) ; Audi Vision, Inc. v. RCA Mfg. Co., Inc. (CCA2), 136 F2d 621 (147 ALR 574), which are set forth in the Appellate Practice Act (Ga. L. 1965, p. 18; *Code Ann.,* Title 6).

(b)   The provision (§ 81A-106 (b)) specifically states its applicability only to acts required or allowed to be done by: (1) "this Title," or (2) a notice given thereunder, or (3) order of court. This rule does not apply to periods of time which are definitely fixed by statute (Lusk v. Lyon Metal Products, Inc. (DC-Mo.), 9 F. R. D. 250), such as the time for the filing of the notice of appeal, as provided by *Code Ann.* § 6-803 (Ga. L. 1965, pp. 18, 21 as amended).

The motion to dismiss is granted and the appeal is

*Dismissed. Hall and Eberhardt, JJ., concur.*