48802. GUNNELLS v. SEABOARD AIRLINE RAILROAD
COMPANY et al.
48803. BORDERS v. SEABOARD AIRLINE RAILROAD
COMPANY et al.

EBERHARDT, Presiding Judge. On November 8, 1966, Carl Gunnells filed the instant suit in the Superior Court of Clarke County against Seaboard Airline Railroad Company, Mr. Michael Martin and Mrs. Zella Mae Martin (now Borders), seeking to recover for injuries arising out of an automobile-train collision which occurred on April 17, 1966. It was alleged that the Martins' son Mike was operating the Martin automobile while plaintiff Gunnells was riding as a passenger. However, other suits for deaths and injuries to other occupants of the automobile were filed in which it was alleged that Gunnells, plaintiff here, was the operator of the automobile. Cotton States Mutual Insurance Company, which had potential liability to various of the litigants under two insurance policies, filed a declaratory judgment action on November 12, 1966, seeking an adjudication as to the identity of the driver of the automobile at the time of the collision. On December 9, 1966, the court in that action ordered that "all pending suits between parties herein arising out of the collision involved herein are hereby stayed until final judgment herein

and the defendants in such suits shall have until thirty days after the final judgment in this case in which to file defensive pleadings, demurrers or counterclaims, if any . . . This order shall not restrain the filing of other suits arising out of the collision . . ." The court subsequently entered judgment on a jury verdict finding Gunnells to be the driver at the time in question. That judgment was affirmed by this court (*Gunnells v. Cotton States Mut. Ins. Co.,* 117 Ga. App. 123 (159 SE2d 730)), and became final by judgment on the remittitur February 22, 1968.

In the meantime Seaboard had answered the petition of Gunnells in the instant case, but the Martins had not. Consequently, under the order of the court in the declaratory judgment action, they had thirty days from February 22, 1968, in which to answer and file other pleadings. However, on March 5, 1968, before the thirty days had expired, Gunnells prepared and procured an order under the Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C.A. § 501 et seq., staying all further proceedings in the instant case "until further order of this Court." This order was entered without hearing or notice of hearing to any party, and there was no service of the order upon any party.

On December 10, 1970, Mrs. Martin filed a motion to vacate the stay order of March 5, 1968, alleging on information and belief that plaintiff Gunnells was no longer in military service, and praying for an order allowing her to proceed with counterclaims and cross actions which she desired to pursue. Prior to a ruling thereon she filed an answer, a counterclaim against Gunnells, and a cross claim against Seaboard, seeking to recover for the wrongful death of her sons, Mike and Terry Martin, who were killed in the collision. Seaboard and Gunnells moved to strike these pleadings of Mrs. Martin on various grounds, and in addition Seaboard moved the court to strike and declare void the stay order of March 5, 1968, on the grounds that the court had no authority to stay the action under the Soldiers and Sailors Civil Relief Act for an indefinite period of time and that the order was issued ex parte without notice or hearing and was void from its inception.

The trial court, citing *City of Cedartown v. Pickett,* 194 Ga. 508 (3) (22 SE2d 318), ruled that the ex parte stay order was void as against Seaboard, which had not been given notice or opportunity to be heard with respect to it, and that the cross claim against it was not filed within the period prescribed by the

statute of limitations as tolled and extended by the order in the declaratory judgment action. Accordingly Seaboard's motion to strike the cross claim as being barred by the statute of limitations was granted. As to Gunnells' motion to strike the counterclaim, however, the trial court held that Gunnells was bound by the stay order since he had prepared and procured it, and accordingly the court overruled his motion to strike the answer and counterclaim of Mrs. Martin. Plaintiff Gunnells and defendant Martin (now Borders) appeal with certificates for immediate review. *Held:*

1. As to Seaboard, the trial court was correct in holding that the ex parte stay order prepared and procured by Gunnells without notice or hearing was void. The order was invalid (*City of Cedartown v. Pickett,* 194 Ga. 508 (3), supra) and "void on its face" (*Howard v. Howard,* 203 Ga. 782, 784, (3) (48 SE2d 451)), and did not toll the statute of limitation or extend the time for filing defensive pleadings beyond the time specified by the order in the declaratory judgment action. "A void judgment is an absolute nullity and it does not prevent the running of the statute. *Williamson v. Wardlaw,* 46 Ga. 126; *Edwards v. Ross,* 58 Ga. 147." *Baldwin v. Happy Herman's Inc.,* 122 Ga. App. 520 (177 SE2d 814). Since the last day for filing the answer and other defensive pleadings expired thirty days after February 22, 1968, and Mrs. Martin filed no pleadings until on and after December 10, 1970, Code Ann. § 3-810, providing for the extension of the limitation period with respect to counterclaims and cross claims until the last day upon which the answer or other defensive pleadings should have been filed, does not operate to extend the period of limitation prescribed by Code Ann. § 3-1004, which is otherwise applicable to cross claims. *Cook v. Jackson,* 107 Ga. App. 251 (2) (129 SE2d 553); *Robinson v. Bomar,* 122 Ga. App. 564 (5) (177 SE2d 815). Since the cross claim here was not filed within the period prescribed by Code Ann. § 3-1004, as tolled and extended by the order in the declaratory judgment action, the trial court properly struck it.

2. As to the counterclaim against Gunnells, however, we reach a different conclusion with respect to the stay order. That order was prepared and procured by Gunnells, and he may not now assert that it was erroneous or void. "'A party must be held bound by a ruling which he invoked . . .' *Butler v. Tifton &c. R. Co.,* 121 Ga. 817 (5) (49 SE 763); *Poss v. Norris,* 197 Ga. 513, 517 (29 SE2d 705). 'One cannot complain of a judgment, order, or

ruling that his own procedure or conduct procured or aided in causing.' *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653)." *Turner v. McGee,* 217 Ga. 769, 772 (125 SE2d 36). Consequently Mrs. Martin could timely file her answer at any time prior to "further order of the court" directing otherwise, which she accomplished here, and as against Gunnells the period of limitation was thus extended by Code Ann. § 3-810. The trial court accordingly did not err in overruling Gunnells' motion to strike the answer and counterclaim and in allowing them to be filed to stand trial with the other issues in the case.

*Judgments affirmed. Pannell and Evans, JJ., concur.*

ARGUED JANUARY 10, 1974 — DECIDED JANUARY 29, 1974.

*McClure, Ramsay & Struble, Robert B. Struble, Allen Ramsay,* for appellants.

*Fortson, Bentley & Griffin, Edwin Fortson, Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellees.