52263. CHAMPION et al. v. WELLS.

ARGUED MAY 24, 1976 — DECIDED SEPTEMBER 9, 1976 — REHEARING DENIED OCTOBER 4, 1976.

*Murray & Temple, Edward J. Bauer,* for appellants.
*Dunaway, Haas & Broome, Henry R. Stringfellow, Al Bridges, Jones, Wilson & Tomlinson, Robert P. Wilson,* for appellee.

QUILLIAN, Judge.

The defendant argues to this court that since the plaintiff is allowed to recommence his suit under the provisions of Code Ann. § 3-808 (Ga. L. 1967, pp. 226, 244) without being barred by the statute of limitation that he as defendant should be allowed to seek to recover damages by counterclaim, third-party complaint, and by cross claim.

It is true that old cases dealing with Code Ann. § 3-808 point out that where the plaintiff recommences his suit, then the defendant is entitled to assert new defenses. *Robinson v. Attapulgus Clay Co.,* 55 Ga. App. 141, 142 (189 SE 555). See also *Morrow v. Hanson,* 9 Ga. 398, 399 (54 AD 346). However, this has nothing to do with a defendant's right to assert an affirmative claim.

The applicable provision is Code Ann. § 3-810 (Ga. L. 1964, p. 165; 1967, pp. 226, 243) which reads: "The limitation of time within which various actions may be commenced and pursued within this State to enforce the rights of the parties are extended, only insofar as the enforcement of rights may be instituted by way of counterclaim and cross-claim, so as to allow parties, up to and including the last day upon which the answer or other defensive pleadings should have been filed, to commence the prosecution and enforcement of rights by way of counterclaim and cross-claim provided that the final date allowed by such limitations for the commencement of such actions shall not have expired prior to filing of the main action."

It is clear that while the defendant could have filed a counterclaim and third-party complaint seeking enforcement of his rights in the prior suits even though the statute might otherwise have run, he did not choose to do so. He is thus barred since the statute of limitation as to personal injuries expired in December 1974 prior to the time the main action was filed, to wit: March 1975. Code Ann. § 3-1004 (Ga. L. 1964, p. 763) and Code Ann. § 3-810.

This court considered a similar principle in *Gunnells v. Seaboard A. L. R. Co.,* 130 Ga. App. 677, 679 (204 SE2d 324), and held: "Since the last day for filing the answer and other defensive pleadings expired thirty days after February 22, 1968, and Mrs. Martin filed no pleadings until on and after December 10, 1970, Code Ann. § 3-810, providing for the extension of the limitation period with respect to counterclaims and cross claims until the last day upon which the answer or other defensive pleadings should have been filed, does not operate to extend the period of limitation prescribed by Code Ann. § 3-1004, which is otherwise applicable to cross claims."

The trial judge correctly found that the defendant was barred from recovery predicated on personal injuries, but that he still might proceed based on damages for injury to property. Code Ann. § 3-1002 (Ga. L. 1955-6, p. 233).

Nevertheless, in *McMichael v. Ga. Power Co.,* 133 Ga. App. 593 (211 SE2d 632), this court held that a third-party complaint is maintainable under CPA § 14 (a) (Code Ann. § 81A-114 (a); Ga. L. 1966, pp. 609, 627; 1969, p. 975) for contribution. Under the circumstances here, the statute of limitation would not bar recovery based on contribution. Code Ann. § 3-704 (Ga. L. 1943, p. 333). Compare *Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219, 221 (213 SE2d 903). Hence, it was error to dismiss the third-party complaint insofar as it sought contribution only.

*Judgment on counterclaim and cross claim affirmed. Judgment on third-party complaint affirmed in part and reversed in part. Deen, P. J., and Webb, J., concur.*