## 53760. UNNEVER et al. v. STEPHENS.

BANKE, Judge.

The appellee filed suit against the appellant, a Florida domiciliary, on June 3, 1974, seeking damages for personal injuries resulting from an automobile accident which occurred in Georgia on June 5, 1972. Service was perfected under the Non-Resident Motorist Act, Code Ann. § 68-801 et seq. (Ga. L. 1964, p. 299, as amended). The appellant's answer was timely filed but did not include a counterclaim. In May of 1975, the appellant filed a complaint for damages against the appellee, alleging that the accident was caused by the appellee's negligence. In June of 1975, he also sought to amend his answer to the appellee's suit to assert a counterclaim based on the same cause of action. The appellee then filed defensive pleadings setting up the statute of limitation as a bar to both the appellant's complaint and the counterclaim, whereupon the appellant filed motions to allow the counterclaim, to strike the statute of limitation defense which the appellee had asserted in his answer to the appellant's complaint, and to grant summary judgment on the statute of limitation issue. The trial court denied all of these motions in a consolidated order. This court subsequently granted the appellant's motion for interlocutory appeal.

At the time the accident occurred, the appellant was 19 years of age. He was therefore a minor under both Georgia and Florida law and was protected accordingly from the running of the statute of limitation. Code § 3-801. However, on July 1, 1972, the age of majority in Georgia was lowered from 21 to 18. The same change took place in Florida the following year, on July 1, 1973. Therefore, if the appellant's status as an adult is determined by Florida law, both his complaint and his counterclaim were filed within the statute of limitation, which does not begin to run against minors during their minority. If his status is determined by Georgia law, then the claims are barred.

1. Those jurisdictions which have decided the issue have held that the law of the forum governs in determining when a person has come of age insofar as that

date affects the running of a statute of limitation on a claim which he asserts. See Burgett v. Williford, 56 Ark. 187 (19 SW 750) (1892); Nelson v. Browning, 391 SW2d 873 (Mo. 1965); 42 AmJur2d 14, Infants, § 7. This is in line with the general rule that the law of the forum governs the determination of the minority or majority of a person seeking to assert a right which accrues in that state. Philpott v. Missouri, P. R. Co., 85 Mo. 164 (1884); 42 AmJur2d 14-15, Infants, § 7, supra; 15A CJS 478, Conflict of Laws, § 14 (7). In the absence of any authority or persuasive reasoning for a contrary rule, we hold this to be the law in Georgia. Accordingly, the trial court did not err in determining that the appellant's complaint was barred by the statute of limitation and in denying his motion to strike this defense from the appellee's answer.

2. The second question presented by this appeal is whether the trial court has the discretion to allow a late counterclaim despite the fact that the statute of limitation would otherwise bar a suit on the underlying right of action. This question has not heretofore been decided in Georgia. However, "the majority view appears to be that the institution of the plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim." 6 Wright & Miller, Federal Practice and Procedure 108, § 1419. See 54 CJS 342, Limitations of Actions, § 285; 51 AmJur2d 767, Limitation of Actions, § 203; 127 ALR 909, 910. The reasons underlying such a rule are persuasive. In the first place, the plaintiff is presumably already on notice of the existence of the counterclaim since it arises out of the same transaction or occurrence as his claim. Also, since both claims will presumably be tried together, the evidence will be no more stale for the one than the other, nor should the witnesses be any less available for the one than the other. See 6 Wright & Miller, supra, pp. 109-110. Accordingly, we hold that the trial court did have discretion under Code § 81A-113 (f) (Ga. L. 1966, pp. 609, 625) to permit the counterclaim upon a finding that it had been omitted "through oversight, inadvertence, or excusable neglect" or that the amendment was required by justice. See *Blount v. Kicklighter,* 125 Ga. App. 159, 161 (4) (186 SE2d 543) (1971); *Kitchens v. Lowe,* 139 Ga. App.

526 (1) (228 SE2d 923) (1976).

In his motion for leave to file the late counterclaim the appellant urged none of these four factors as a reason for allowing his amendment. He merely alleged that the claim had "matured" since the date of filing of the original answer. In fact, both the appellant and his counterclaim were mature as of the date the answer was filed, and this is true regardless of whether Georgia or Florida law is used to determine the date of his coming of age. The trial court would, therefore, have been amply justified in exercising its discretion to disallow the amendment. However, the trial court did not base its order upon an exercise of discretion but upon its ruling that the counterclaim was barred by the statute of limitation. "Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results." *Watson v. Elberton-Elbert County Hosp. Authority,* 229 Ga. 26, 27 (189 SE2d 66) (1972); *Downs v. Jones,* 142 Ga. App. 316. Accordingly, the order of the trial court disallowing the counterclaim is reversed, and the case is remanded for further action consistent with this opinion.

*Judgment affirmed in part and reversed and remanded in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 12, 1977 — DECIDED JUNE 21, 1977 — REHEARING DENIED JULY 13, 1977 — ▮

*William Morgan Akin, Warren Akin,* for appellants. *Ralph Spain, Ben Lancaster,* for appellee.