A89A2226. HALL v. CANAL INSURANCE COMPANY.
(392 SE2d 340)

POPE, Judge.

Appellant Hall was involved in a motor vehicle accident, resulting in the initiation of a personal injury action against him by Matthew Milton. Hall's motor vehicle liability insurer, appellee Canal Insurance Company, entered a defense on his behalf pursuant to a reservation of rights and then filed a declaratory judgment action seeking a ruling that no coverage existed under the policy. Milton's uninsured motorist carrier, Southern General Insurance Company, undertook Hall's defense in the declaratory judgment action and ultimately obtained a ruling that Hall was covered under the Canal policy. Ostensibly still acting on Hall's behalf, Southern General then filed a motion pursuant to OCGA § 33-7-11 to recover its legal costs and attorney fees expended in defending Hall in the declaratory judgment action. This appeal is from the denial of that motion. *Held*:

OCGA § 33-7-15 (a) states that all motor vehicle liability insurance policies covering motor vehicles principally garaged or principally used in this state must contain a provision requiring the insured "to send his insurer, as soon as practicable after the receipt thereof, a copy of every summons or other process relating to the coverage under the policy and to cooperate otherwise with the insurer in con-

nection with the defense of any action or threatened action covered under the policy." Under OCGA § 33-7-15 (b), noncompliance by the insured with such a policy provision "shall constitute a breach of the insurance contract which, if prejudicial to the insurer, shall relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds." Subsection (b.1) of the statute goes on to provide: "In the event the insurer denies coverage and it is determined by declaratory judgment or other civil process that there is in fact coverage, the insurer shall be liable *to the insured* for legal cost[s] and attorney's fees as may be awarded by the court." (Emphasis supplied.) It is the latter provision which forms the basis for the claim at issue in this appeal.

We have found no other cases interpreting OCGA § 33-7-15 (b.1), and the parties agree that this is an issue of first impression. We hold this provision to be inapplicable under the circumstances of the present case. It is clear from the record and the briefs of the parties that the claim for legal costs and attorney fees is being made not by the "insured" but by the insurer for one of the insured's co-defendants in the declaratory judgment action. While the appellant argues that the public good would be served by interpreting the statute to allow uninsured motorist carriers also to recover their legal costs and attorney fees expended due to an unwarranted denial of coverage by an insurer, we are not at liberty to disregard the plain wording of the statute simply to advance our own notions of what the law ought to be. See generally *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

In addition, although the language of subsection (b.1) does not expressly limit recovery of attorney fees only to situations of non-cooperation by the insured, placement of the subsection in the context of OCGA § 33-7-15 leads to the conclusion that the legislature did intend to so limit the application of the subsection. "It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731-732 (48 SE2d 86) (1948).

*Judgment affirmed. Carley, C. J., McMurray, P. J., Birdsong and Cooper, JJ., concur. Deen, P. J., Banke, P. J., Sognier and Beasley, JJ., concur specially.*

BANKE, Presiding Judge, concurring specially.

OCGA § 33-7-15 (b.1) provides not even arguable support for Southern General's claim for attorney fees, since it is an insurer

rather than "the insured," and since the insured's claim for coverage was denied on the basis of a policy exclusion rather than any asserted failure on his part "to cooperate . . . with [the appellee] in connection with the defense of any action or threatened action covered under the policy." Thus, there being no discernible basis upon which reversal of the trial court's judgment might reasonably have been anticipated, I would impose a $500 penalty against Southern General Insurance Company, as the true party in interest, for filing a frivolous appeal. See Court of Appeals Rule 26 (b).

I am authorized to state that Judge Sognier joins in this opinion.

BEASLEY, Judge, concurring specially.

I concur in the majority's holding but not entirely with the reasoning and the breadth thereof.

When the record and the statutory provision are scrutinized together, one need go no farther than the first proviso in the legal costs section. It says in (b.1): "In the event the insurer denies coverage. . . ."

Canal did not deny coverage. What it did was defend Hall under a reservation of rights in the tort action against him and bring a declaratory judgment action to judicially ascertain its legal obligations. It alleged that it "is in great doubt as to whether it is responsible to provide coverage to . . . Hall . . . . arising out of the . . . collision," and it asked the court to "declare [its] duties and obligations . . . if any" and to stay underlying civil actions until this question was answered.

This is not a denial of coverage.

Thus Hall does not even get out of the batter's box in his quest for legal costs and there is no need to consider calls on other balls thrown.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED MARCH 16, 1990.

*Jenkins & Eells, Frank E. Jenkins III, Jeffrey W. Frazier*, for appellant.
*Crim & Bassler, Harry W. Bassler*, for appellee.