## A98A0704. GIBSON v. CASTO et al.
(504 SE2d 705)

Judge Harold R. Banke.

Robert Gibson, in his capacity as executor of the estate of his mother, Mary Y. Gibson, sued Mary Gibson's insurer, Preferred Risk Mutual Insurance Company ("Preferred Risk") and Philip Casto, an attorney Preferred Risk retained to represent Mary Gibson.[1] Robert Gibson appeals the trial court's order granting summary judgment to Casto and Preferred Risk, enumerating three errors.

This case arose in the wake of a March 4, 1990 collision between vehicles driven by Mary Gibson and Rhonda Holder. Mary Gibson sustained serious injuries in the wreck. Although Preferred Risk settled the claims of Mary Gibson's passengers and Holder's children, Holder and her husband filed a civil action against Gibson on the day before the statute of limitation expired, March 3, 1992. Robert Gibson forwarded the complaint to Preferred Risk. In an attempt to settle the Holders' claim, Preferred Risk obtained an extension of time to answer the complaint through May 8, 1992. In late April 1992, when settlement appeared unattainable, Preferred Risk hired Casto to represent Mary Gibson.

After Casto answered the complaint on May 7, 1992, Gibson asked whether a counterclaim could be filed. Casto replied that it was too late to file a counterclaim with the answer.

On May 3, 1996, Gibson commenced this action, alleging that Casto's failure to file a counterclaim constituted malpractice. Gibson also alleged that Casto was Preferred Risk's agent under a respondeat superior theory. The trial court granted summary judgment to both defendants, reasoning that Gibson presented no evidence of an agency relationship and the statute of limitation on the counterclaim had expired before Casto was retained. It also determined that the statute of limitation on Gibson's claim against Casto ran before this

---

[1] Mary Gibson died on January 14, 1996 and her son was appointed executor of her estate.

action was filed. *Held*:

1. Gibson maintains the trial court erred in finding that the time for filing a counterclaim was not extended to the date the answer was due. We disagree.

This enumeration turns on OCGA § 9-3-97. That statute extends the statute of limitation for counterclaims "so as to allow parties, up to and including the last day upon which the answer or the defensive pleadings should have been filed . . . provided that the final date allowed by such limitations for the commencement of such actions shall not have expired prior to the filing of the main action."

Here, the statute of limitation on Mary Gibson's nascent counterclaim began to run on March 4, 1990. The Holders filed their complaint within the limitations period, on March 3, 1992, and served Mary Gibson on March 5, 1992. Applying OCGA § 9-3-97, the counterclaim was due thirty (30) days after service. OCGA § 9-11-12 (a). Because April 4 was a Saturday, the counterclaim could have been timely filed through April 6. OCGA § 1-3-1 (d) (3); see *Equitable Bank v. Brown*, 177 Ga. App. 776, 777 (341 SE2d 300) (1986). The March 12 stipulated extension of time gave Gibson until May 8 to file an answer, notwithstanding the fact that the answer "should have been filed" April 6. OCGA § 9-3-97. But the stipulated extension of time did not extend the statute of limitation on the counterclaim.[2] *Wilson v. City of Waycross*, 130 Ga. App. 253 (203 SE2d 301) (1973) (the rule permitting stipulated extensions of time does not apply to periods of time which are definitely fixed by other statutes); see *Champion v. Wells*, 139 Ga. App. 759, 762 (229 SE2d 479) (1976).

2. Gibson argues that the trial court erred in finding that the statute of limitation barred the malpractice claim against Casto. The trial court applied a four-year statute of limitation but found that because the cause of action arose on April 6, when the statute of limitation on the counterclaim expired, the complaint was filed 28 days too late.

We believe the application of a four-year statute of limitation to these facts was not improper. "It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, sounds in contract (agency). [Cits.]" *Plumlee v. Davis*, 221 Ga. App. 848, 851 (2) (473 SE2d 510) (1996). In light of the lawyer-client relationship that undisputedly existed between Casto and Mrs. Gibson, we cannot say that an implied contract did not exist.

---

[2] Although a joint stipulation by the parties to extend time to file a counterclaim is ineffective to extend the statute of limitation, the trial court has discretion to allow a late counterclaim despite the fact that the statute of limitation would otherwise bar the underlying right of action. *Unnever v. Stephens*, 142 Ga. App. 787, 788 (2) (236 SE2d 886) (1977); Davis & Shulman, Ga. Prac. & Proc., § 11-3 (1997 ed.).

See id. at 852.

A cause of action accrues when the plaintiff could first have maintained the action against the defendant to a successful result. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (1) (273 SE2d 16) (1980). Notwithstanding Casto's argument to the contrary, the cause of action did not arise on April 6. Gibson could not have maintained a successful action against Casto at that time because Casto had not yet been retained. And by the time he was retained, the statute of limitation on the counterclaim had run.

The Civil Practice Act provides an avenue for filing untimely counterclaims in such situations, however. Litigants may seek leave to set up the counterclaim by amendment. OCGA § 9-11-13 (f); *Shaw v. Ruiz*, 207 Ga. App. 299, 305 (15) (428 SE2d 98) (1993). It is undisputed that Casto never moved to add the untimely counterclaim to the answer or amend the answer to add the counterclaim. The expert affidavit attached as Exhibit C to Gibson's complaint specifically criticizes this failure. *Boynton v. State Farm &c. Ins. Co.*, 207 Ga. App. 756, 758 (3) (429 SE2d 304) (1993) (exhibits attached to complaints are part of the pleadings). Thus, Gibson's cause of action arose on or after May 7, when the answer was filed without seeking leave to add the omitted counterclaim. While we offer no opinion on the merits of Gibson's claim against Casto, it was not time-barred. Accordingly, we must reverse that portion of the trial court's order granting summary judgment to Casto.

3. Applying an agency theory, Gibson contends that Preferred Risk is liable for Casto's acts and omissions. We disagree.

An agency relationship arises "wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. Casto testified that he never acted as Preferred Risk's agent. He averred that he controlled the contents of the answer filed on Gibson's behalf, the communications between Gibson and himself, and his actions on Gibson's defense. Gibson admitted that he and Casto had never discussed Casto's relationship with Preferred Risk. Absent some evidence supporting Gibson's claim of agency, summary judgment was appropriate. See *Walston v. White*, 213 Ga. App. 441, 443 (444 SE2d 855) (1994).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 17, 1998 —
RECONSIDERATION DENIED JULY 14, 1998 — 

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Sara L. Doyle,* for appellant.

*James E. Spence, Jr.*, for appellee.
*Philip M. Casto*, pro se.