A99A1570. DENSON v. MALOY et al.
(521 SE2d 666)

Blackburn, Presiding Judge.

In this legal malpractice action brought against Bruce Maloy and his law firm, Roland Denson appeals the dismissal of his case, contending: (1) his claim was not barred by the statute of limitation; (2) his failure to attach an expert affidavit to the complaint did not warrant dismissal of the malpractice action; (3) the trial court erred by finding he failed to exercise due diligence to serve Maloy; (4) the trial court erred by failing to strike the affidavit of Maloy; (5) the trial court erred by dismissing his fraud claim based on the failure to plead it with particularity; and (6) the trial court erred by denying Denson's motion for summary judgment. As Denson's claims were barred by the statute of limitation, we affirm.

Denson alleges that Maloy, who handled the appeal following the denial of Denson's habeas corpus petition,[1] committed legal malpractice and fraud by submitting incomplete "record excerpts" to the Court of Appeals and by failing to raise certain grounds for relief. Maloy filed the allegedly deficient appellate brief on Denson's behalf on March 10, 1992. The appellate court affirmed Denson's sentence and conviction on October 2, 1992.

In April 1996 Denson presented the complaint in this action in forma pauperis. However, his application for pauper's status, rejected twice by the trial court, was not allowed. The complaint was accepted for filing on December 23, 1996 when Denson paid filing fees. Maloy was served on March 7, 1997. Subsequently, the trial court granted Maloy's motion to dismiss the complaint.

1. As we have held:

A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of

---

[1] Denson was convicted and sentenced on federal drug charges.

provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnotes omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

The trial court properly found that the statute of limitation barred Denson's complaint. The four-year statute of limitation applicable to legal malpractice claims runs from the date of the alleged incident of malpractice. *Hunter, Maclean, Exley &c., P.C. v. Frame*, 269 Ga. 844 (507 SE2d 411) (1998). The acts of alleged malpractice occurred in March 1992, with the filing of the briefs and excerpts, more than four years before the complaint was filed or served.

Denson's claim of professional malpractice was properly dismissed for the additional reason that he failed to file an expert affidavit with the complaint. OCGA § 9-11-9.1. As Maloy raised this defense in its answer, dismissal of the claim was mandated. Id.; *Holloway v. Northside Hosp.*, 230 Ga. App. 371 (496 SE2d 510) (1998).

The four-year statute of limitation applicable to fraud claims runs from the date actual injury occurs. OCGA § 9-3-31; *Hardaway Co. v. Parsons, Brinckerhoff, Quade &c.*, 267 Ga. 424 (479 SE2d 727) (1997). The latest possible date Denson's alleged injury occurred was on October 2, 1992, when the appellate court affirmed his sentence and conviction, more than four years before the complaint was filed or served.

2. Our holding in Division 1 renders the remaining enumerations of error moot.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 17, 1999 —
RECONSIDERATION DENIED SEPTEMBER 2, 1999.

Ronald Denson, *pro se.*

*Gleaton, Persons, Egan & Jones, Frederick N. Gleaton, Patricia A. Wager*, for appellees.