## S98G1698. GIBSON v. CASTO et al.

(523 SE2d 564)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Gibson v. Casto*, 233 Ga. App. 403 (504 SE2d 705) (1998), to clarify Division 1 of that opinion. We now hold that a stipulated extension of time within which to file an answer and defensive pleadings, also extends the time to file a compulsory counterclaim which would otherwise be time-barred.

This professional liability action had its genesis when plaintiffs sued Mary Y. Gibson for damages resulting from an automobile collision. Her insurer, Preferred Risk, entered into settlement negotiations on her behalf, and, by stipulation of the plaintiffs, obtained an extension of time "within which [Gibson] may file her answer and defenses to plaintiffs' complaint." Although Preferred Risk successfully negotiated a settlement with some of the plaintiffs, they were unable to come to an agreement with others. Thereafter, Preferred Risk retained attorney Philip M. Casto to defend Ms. Gibson against the remaining claims. At this time, the original 30 days within which to file defensive pleadings under OCGA § 9-11-12 (a) had expired, but 16 days still remained pursuant to the stipulated extension. Casto filed an answer within the time extended, but did not assert a counterclaim against the plaintiffs. No counterclaim was ever filed and judgment was rendered in favor of plaintiffs and against Gibson.

Gibson's estate filed this professional negligence action[1] naming Casto, and Preferred Risk under the doctrine of respondeat superior. It was alleged that Casto breached his duty of care by failing to

---

[1] Mary Gibson died before suit was filed. Her son pursued the litigation in his capacity as executor of her estate.

assert a counterclaim on behalf of Ms. Gibson or to advise her of the necessity to file a compulsory counterclaim in order to preserve a right of action against plaintiffs. The trial court granted summary judgment to both defendants, ruling in part that the stipulation to extend the time to file an answer did not extend the statute of limitations on the counterclaim.

While reversing the grant of summary judgment to Casto on other grounds,[2] the Court of Appeals upheld the lower court's ruling insofar as it pertained to the statute of limitations on the counterclaim. The Court of Appeals concluded that OCGA § 9-3-97 did not extend the time for filing a counterclaim, despite the stipulation of the parties extending the date to file an answer. *Gibson*, supra at (1). We granted certiorari to consider whether the Court of Appeals correctly construed OCGA § 9-3-97.

OCGA § 9-3-97 extends the limitations period for "the enforcement of rights which may be instituted by way of counterclaim and cross-claim, so as to allow parties, up to and including the last day upon which the answer or other defensive pleadings *should have been filed*, to commence the prosecution and enforcement of rights by way of counterclaim and cross-claim, provided that the final date allowed by such limitations . . . shall not have expired prior to filing of the main action." (Emphasis supplied.)

As a basic rule of statutory construction we must give "ordinary signification" to common words. OCGA § 1-3-1 (b). And statutes relating to the same subject matter are construed together and harmonized wherever possible. *Ryan v. Commrs. of Chatham County*, 203 Ga. 730 (48 SE2d 86) (1948). The word "should" is commonly defined as a duty or obligation. The duty to file and serve an answer accrues within 30 days of service of the complaint, OCGA § 9-11-12 (a), unless otherwise extended under OCGA § 9-11-6 (b). OCGA § 9-3-97 ties the period of limitations for a compulsory counterclaim to the time for filing defensive pleadings. That statute plainly provides that a counterclaim is timely if filed within the time that a defendant is obligated to answer the main action, provided the limitations period for the counterclaim had not expired prior to the time the main action was commenced.

This construction is in harmony with provisions of the Civil Practice Act, specifically, OCGA § 9-11-12 (b), which requires that a compulsory counterclaim be set forth in the defensive pleadings, and with OCGA § 9-11-13 (f), which vests the trial court with discretion

---

[2] The Court of Appeals allowed the action to proceed to trial against Casto, holding that the statute of limitations on professional malpractice did not bar Gibson's claim against Casto, *Gibson*, supra at (2); and that Preferred Risk was not jointly liable for Casto's actions. Id. at (3). We do not disturb those rulings.

to allow an untimely compulsory counterclaim by amendment. It follows that when the time for filing defensive pleadings is extended, that extension should likewise apply to the mandatory contents of those pleadings. A contrary reading of OCGA § 9-3-97 would result in unreasonable consequences not contemplated by the legislature. See *Gen. Electric Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596) (1978).

Because we must harmonize and construe together all statutes relating to the same subject, *Ryan*, supra, we reject Casto's contention that OCGA § 9-11-6 (b), under which the stipulated extension was entered, applies *only* to extensions of time for acts required under the Civil Practice Act.

Previous decisions of our appellate courts are consistent with our construction of OCGA § 9-3-97. *Unnever v. Stephens*, 142 Ga. App. 787 (2) (236 SE2d 886) (1977), aff'd, *Stephens v. Unnever*, 240 Ga. 313 (242 SE2d 478) (1977), held that the filing of a complaint suspends or tolls the running of the statute of limitations governing the filing of a compulsory counterclaim. Applying this ruling to OCGA § 9-3-97, it follows that a counterclaim is timely if filed with the defensive pleadings, for which an extension was obtained under OCGA § 9-11-6 (b). Accord *Gunnells v. Seaboard Airline R. Co.*, 130 Ga. App. 677 (204 SE2d 324) (1974) (interpreting OCGA § 9-3-97 to extend the time for filing a counterclaim when extension is granted for filing defensive pleadings due to stayed litigation). Compare those cases in which the trial court had no discretion to extend periods of time which are *definitely* fixed by other statutes, such as the time for filing a notice of appeal. See, e.g., *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (1) (231 SE2d 532) (1976); *Buckhead Doctors' Bldg. v. Oxford Finance*, 116 Ga. App. 503 (3) (b) (157 SE2d 767) (1967); *Wilson v. City of Waycross*, 130 Ga. App. 253 (203 SE2d 301) (1973). Compare also *Champion v. Wells*, 139 Ga. App. 759 (229 SE2d 479) (1976) (counterclaim is untimely when filed after the statute of limitations has run for the main action).

Accordingly, we disapprove the construction of OCGA § 9-3-97 as set out in Division 1 of the opinion of the Court of Appeals, but otherwise affirm the judgment below.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I completely agree with the holding of the majority opinion that a stipulated extension of the time to file an answer also extends the time to file a compulsory counterclaim, so long as the period of limitations applicable to that counterclaim did not expire before the complaint was filed. I concur in the Court's opinion because this case did indeed involve a compulsory counterclaim. However, I write sepa-

rately to point out that this same rule also applies where the counterclaim is permissive. OCGA § 9-3-97 does not differentiate between permissive and compulsory counterclaims, and the majority's interpretation of that statute logically applies to both types of counterclaims.

I am authorized to state that Presiding Justice Fletcher and Justice Hunstein join in this opinion.

DECIDED NOVEMBER 15, 1999.

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Sara L. Doyle,* for appellant.

*Temple, Strickland, Counts & Dinges, William D. Strickland, Jason B. Schwartz, James E. Spence, Jr.,* for appellee.

*Philip M. Casto,* pro se.