## A04A0585. HARPE v. HALL.
(596 SE2d 666)

ELLINGTON, Judge.

After we granted her application for interlocutory appeal, Marjorie Harpe appeals from the trial court's dismissal of her personal injury claim against Richard Hall, Jr. Because we find the trial court erred when it found Harpe's claim was barred by the applicable statute of limitation, we reverse.

"A motion to dismiss barred claims is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible." (Citations and punctuation omitted.) *Gullatt v. Omega Psi Phi Fraternity*, 248 Ga. App. 779 (1) (546 SE2d 927) (2001). When a question of law is at issue, such as whether the statute of limitation bars an action, "we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation, punctuation and footnote omitted.) *Epps v. Hin*, 255 Ga. App. 370, 371 (565 SE2d 577) (2002).

The undisputed facts of record show that the claim at issue arose on August 7, 2000, when Hall's tractor-trailer collided with Harpe's car. Harpe's passenger, Diane Washington, sued Hall on July 1, 2002, for personal injuries sustained in the collision. Hall answered Washington's complaint on August 2, 2002, and contemporaneously filed a third-party complaint against Harpe, contending Harpe was at fault in the collision. Harpe was not served with the third-party complaint until September 16, 2002. On October 11, 2002, which was within 30 days of service,[1] Harpe responded to Hall's third-party complaint and filed her own negligence counterclaim against Hall for injuries from the collision. Hall answered Harpe's counterclaim, and later amended his answer to include a statute of limitation defense.

.

---

[1] See OCGA § 9-11-12 (a) (response to a complaint is due 30 days from service).

Hall moved to dismiss Harpe's counterclaim as untimely, arguing that Harpe was required to bring her claim for personal injuries within two years of the collision. See OCGA § 9-3-33 (statute of limitation for personal injury claims). The trial court agreed, finding that Harpe could have filed a claim within the statute of limitation but "chose not to do so,"[2] and dismissed the counterclaim.

On appeal, Harpe contends that her claim against Hall was a compulsory counterclaim[3] that was timely filed. In support of this contention, Harpe points out that Washington's claim was filed within the applicable two-year statute of limitation, and that Hall's third-party complaint against her (Harpe) was filed with his response to Washington's claim, within thirty days of service and within the two-year statute of limitation. Harpe argues that Georgia law allows a counterclaim to be filed within 30 days of service of a claim against her,[4] and that she timely filed her counterclaim with her response to Hall's third-party complaint. Therefore, Harpe contends that her counterclaim against Hall should not have been dismissed simply because it was filed more than two years after the collision. We agree.

In *Gibson v. Casto*, 271 Ga. 667 (523 SE2d 564) (1999), the Supreme Court of Georgia addressed a similar issue by construing OCGA § 9-3-97 and finding that the statute

> extends the limitations period for "the enforcement of rights which may be instituted by way of counterclaim and cross-claim, so as to allow parties, *up to and including the last day upon which the answer or other defensive pleadings should have been filed, to commence the prosecution and enforcement of rights by way of counterclaim and cross-claim*, provided that the final date allowed by such limitations . . . shall not have expired prior to filing of the main action.

---

[2] Harpe challenges this finding on appeal, contending that she was previously prohibited from filing suit against Hall because Hall was involved in a bankruptcy proceeding and a bankruptcy stay was in place. See 11 USCA § 362 (a) (providing for an automatic stay upon filing of a bankruptcy petition). The record does not show whether she raised this issue before the trial court. See *Kannady v. State Farm &c. Ins. Co.*, 214 Ga. App. 492, 495 (5) (448 SE2d 374) (1994). Given this Court's decision regarding the timeliness of the counterclaim, infra, this issue is moot.

[3] Under OCGA § 9-11-13 (a), "[a] pleading shall state as a [compulsory] counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." See also OCGA § 9-11-13 (c) ("A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.").

[4] OCGA § 9-11-12 (a), (b).

(Punctuation omitted; emphasis in original and supplied.) Id. at 668. The Court ruled that OCGA § 9-3-97 "ties the period of limitations for a compulsory counterclaim to the time for filing defensive pleadings [and] plainly provides that a counterclaim is timely if filed within the time that a [party] is obligated to answer the main action," as long as the limitations period for the counterclaim had not expired before the main action was filed. Id.

In applying the Supreme Court's ruling in *Gibson* to this case,[5] it makes no difference whether the term "main action" is construed to refer to Washington's personal injury case against Hall or Hall's third-party complaint against Harpe, as both claims were filed within two years of the collision. Since Harpe timely responded to Hall's third-party complaint, her contemporaneously filed compulsory counterclaim was not barred by the two-year statute of limitation. *Gibson v. Casto*, 271 Ga. at 669. Accordingly, the trial court erred as a matter of law in dismissing Harpe's counterclaim against Hall.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 4, 2004 —
RECONSIDERATION DENIED MARCH 18, 2004.

*Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellant.

*Carlock, Copeland, Semler & Stair, Jeffrey A. Brown, David B. Ranieri*, for appellee.

---

[5] Although Hall attempts to distinguish *Gibson* on the basis that the parties in that case stipulated to an extension of time, beyond the requisite 30 days, for the defendant to answer the complaint, thereby also extending the time to file a counterclaim, this is a distinction without a difference. Unlike the *Gibson* defendant, Harpe did not require an extension and timely filed her response to Hall's third-party complaint (along with her counterclaim) within 30 days of service. Therefore, the facts of this case provide an even more compelling basis than in *Gibson* for finding the compulsory counterclaim was timely filed.

Furthermore, to the extent that Hall relies on *Champion v. Wells*, 139 Ga. App. 759 (229 SE2d 479) (1976), we note that this Court issued its ruling in *Champion* before the Supreme Court issued a contrary ruling in *Gibson*. Further, *Champion* is distinguishable on its facts from the instant case, as the statute of limitation for the counterclaim in that case had run before the main action was filed. Id. at 762.